UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES M. SARGENT (#339638)

VERSUS                                              CIVIL ACTION

JAMES M. LEBLANC, ET AL                             NUMBER 10-523-BAJ-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 30, 2010.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES M. SARGENT (#339638)

VERSUS                                              CIVIL ACTION

JAMES M. LEBLANC, ET AL                             NUMBER 10-523-BAJ-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by James M. Sargent, Jr.

**Background**

Petitioner was convicted in 32nd Judicial District Court, Terrebonne Parish, Louisiana in 2000 of aggravated second degree battery and is now confined at Dixon Correctional Institute, Jackson, Louisiana.  After appeals and re-sentencing, the petitioner was sentenced as an habitual offender to serve 11 years without benefit of probation or suspension of sentence.  Petitioner was released from physical custody in 2004 on a good time parole, but he was returned to physical custody in 2007 for violating the terms of his parole.  Petitioner challenged his custody as the result of the parole revocation and the failure to credit his sentence with time served while on supervised release.  Petitioner alleged that the sought relief in the trial court to correct an illegal sentence.  Relief was denied and he was advised to seek judicial review in the 19th Judicial District Court.  Petitioner

alleged that the 19th Judicial District Court issued a final judgment denying the petitioner the relief he sought and recommended that the petitioner challenge his sentence in the 32nd Judicial District Court.[1]  Petitioner's devolutive appeal is still pending before the appellate court.[2]

In this court, the petitioner "claims he is being held in custody illegally past his original full term date because he was not awarded credit for time served on supervised release, and the extension of his full term date, due to a technical parole violation, constitutes an illegal 'suspension of sentence.'"[3] Petitioner seeks expedited consideration and immediate release from custody.

## Applicable Law and Analysis

First, federal courts should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be

---

[1] The Commissioner for the 19th Judicial District Court concluded that the petitioner could not challenge his status as an habitual offender or his 11-year habitual offender sentence in the 19th Judicial District Court.  He also found that the petitioner's was not eligible to earn good time credits, and had been released on good time parole by mistake, which mistake was not discovered until after his parole was revoked.  Record document number 1, pp. 20-22, Commissioner's Recommendation.

[2] Record document number 1, pp. 4-5.

[3] *Id.* at 7. Petitioner previously filed a civil action seeking both immediate release and money damages based on the same factual allegations.  *James M. Sargent, Jr. (#339638) v. State of Louisiana, et al*, CV 10-402-JJB-DLD.  This case was dismissed as legally frivolous.

resolved either by trial on the merits in the state court or by some other state procedures available to the petitioner. *Dickerson*, 816 F.2d at 225, *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92, 93 S.Ct. 1123, 1127-29 (1973).

Second, Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner.  28 U.S.C.§ 2254(b).  Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).  Although § 2241 contains no statutory requirement of exhaustion like that found in § 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation. *Robinson v. Wade*, 686 F.2d 298, 303 n. 8 (5th Cir. 1982); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir.), *cert. denied*, 421 U.S. 999, 95 S.Ct. 2396 (1975).

## Conclusion

It is clear on the face of the petition that the petitioner has failed to exhaust available state remedies. Petitioner's state court appeal is still pending.  Understandably, there is no

3

allegation or other indication in the record that the petitioner's claims have been presented to the Louisiana Supreme Court. Federal intervention at this juncture would only serve to "disrupt the orderly functioning of the state judicial processes." *See, Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). Therefore, the petitioner's claims should be dismissed without prejudice for failure to exhaust available state remedies.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, without prejudice, for failure to exhaust state remedies.

Baton Rouge, Louisiana, August 30, 2010.

                                         _____
                                         STEPHEN C. RIEDLINGER
                                         UNITED STATES MAGISTRATE JUDGE